MAYOR, ETC., OF THE CITY OF NEW YORK *v.* FINN *et al.*

*(Superior Court of New York City, General Term.* November 3, 1890.)

1. EVIDENCE—PRESUMPTIONS—RECEIPT OF LETTER.

   A contract for grading a street provided that the work was to be commenced on such day and at such point as the commissioner of public works should designate. The evidence relied on by the city to prove service of such notice on the contractor was the production of a book, which purported to contain press copies of letters sent from the department of public works, in which appeared a letter to the contractor. The superintendent of street improvements testified that he signed the letter, and that it was approved by the commissioner; that, after the letter was signed, it was copied in the letter-book, addressed, and put in the mail by a clerk or a messenger. The messenger testified that he mailed all letters of that character and notices to the contractors to begin work at that time; that he had no recollection of having mailed that letter; that he copied the letters in the press-book, put them in envelopes, sealed, stamped, and mailed them. There was no evidence of the place to which the letter was addressed, nor of the residence of the contractor or at the time. *Held,* that the evidence failed to justify a presumption that the letter reached the contractor.

2. NOTICE—PROOF OF SERVICE.

   It was also attempted to prove service of a notice on May 23, 1883. The messenger of the department swore that about that date he delivered to the contractor an envelope directed to him, about the contents of which he knew nothing, and which he received from the deputy commissioner, who had since died. No one testified to the contents of the envelope. A letter appeared in the letter-book, dated May 23, 1883, addressed to the contractor and his sureties, but no one testified to having seen the original. There was no evidence that the city had no other contracts with the contractor, and that other letters were not delivered to him about the same time. *Held,* that service of the notice was not proved.

Appeal from trial term.

An action by the mayor, aldermen, and commonalty of the city of New York to recover against Michael Finn, as principal, and Timothy Donovan and James Riley, as sureties, upon a bond given by Finn for performance of a contract for regulating and grading 141st street. From a judgment dismissing the complaint the city appeals.

Argued before FREEDMAN and INGRAHAM, JJ.

*William H. Clark,* Corp. Counsel, *(John J. Townsend,* of counsel,) for appellant. *L. Laflin Kellogg,* for respondents.

INGRAHAM, J. Plaintiff alleges in the complaint that Finn, the contractor, failed and neglected to enter upon the performance of the work mentioned in the contract between himself and the plaintiff, and unnecessarily delayed the prosecution of said work, in violation of the said contract; that the commissioner of public works notified Finn in writing that in his opinion the said work was unnecessarily delayed, in violation of the provisions of the contract,

and that unless the said work was resumed on or before the 5th day of June, 1883, the work would be declared abandoned, and would be relet; that Finn wholly neglected and failed to comply with the requirements of the said notice.   To sustain this cause of action the plaintiff must prove that Finn wholly failed and neglected to enter upon the performance of the contract.   By the contract Finn was to commence the work on such day and at such point or points as the commissioner of public works should designate.   Before Finn could be said to have failed and neglected to enter upon the performance of the contract, the commissioner of public works must have designated a day upon which he was to commence work.   Plaintiff attempted to prove the service of such a notice upon Finn.   The court below held that the evidence was not sufficient to prove the service of the notice.   In that ruling we concur.   The evidence relied on by plaintiff was the production of a book, which purported to contain press copies of letters sent from the department, and in which appears a copy of a letter to Finn, dated August 2, 1882.   Jeremiah, superintendent of street improvements, testified that he signed the letter, and it was approved by the commissioner; that after the letter was signed it was copied in the letter-book, addressed, and put in the mail by either the clerk or the messenger of the bureau.   The messenger testified that he mailed all letters of that character and notices to the contractors to begin work at that time; that he had no recollection of having mailed that letter; that he copied the letters in the press-book, put the letters in envelopes, sealed them, got stamps, and mailed them.   This appears to be all the evidence as to the service of the notice.   There is no evidence of the place to which the letter was addressed, nor of the residence of Finn at the time.

While it may be presumed that a letter, properly addressed, with the postage paid, and deposited in the post-office, is delivered at the address named on the envelope, where it does not appear to what place the letter is addressed, such a presumption cannot arise, and even if we can presume from the course of business proved that the letter was mailed and the postage paid, there is no presumption that the messenger of the defendant knew the correct address of Finn, and that the letter was addressed to him at any particular place.   The evidence, therefore, failed to jutify a presumption that the letter reached Finn.

We also think that the service of the notice of May 23, 1883, was not proved. The messenger of the department says that about that date he delivered to Finn an envelope, directed to him, about the contents of which he knew nothing, and which he received from the deputy commissioner of public works, who is now dead.   No one is produced who can testify as to the contents of that envelope.   There also appeared in the copy letter-book a letter addressed to Finn and to his sureties, dated May 23, 1883.   No one was produced who could testify as to having seen the original letter, nor what was done with it after it was copied.   All that was proved was that there was a letter copied in the book, dated May 23, 1883, and which was addressed to Finn, and that about that time a messenger from the department delivered a sealed envelope to Finn, of the contents of which he knew nothing, with no evidence that the plaintiff had no other contract with Finn, and that no other letters were delivered to him about the same time.   This is clearly insufficient to prove that the letter in the envelope was the original of the copy in the book, and the court was justified in refusing to admit the letters in evidence.   The counsel for the plaintiff, on the trial, conceded that with the notice of May, 1883, out of the case the complaint must be dismissed, and as we are of the opinion that both notices were properly excluded, the dismissal was right, and the judgment should be affirmed, with costs.